### COLLINS *v.* LONG ISLAND R. CO.

*(Superior Court of New York City, General Term.* May 2, 1892.)

ACCIDENT AT RAILROAD CROSSING—JOINT NEGLIGENCE.
  Plaintiff was injured at a railroad crossing while being driven across it in a livery stable carriage by a livery stable driver. There were facts from which the jury might have found that both the driver and the railroad company were jointly negligent. *Held,* that the court erred in submitting to the jury the question whether the company by itself, or the driver by himself, was negligent.

Appeal from jury term.

Action by Mary Collins against the Long Island Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*E. C. James* and *F. G. Gedney,* for appellant. *E. B. Hinsdale,* for respondent.

PER CURIAM. The action was for damages from the alleged negligence of defendant. The plaintiff was in a carriage, hired at a livery stable, and driven by a man from that stable. The driver was proceeding to cross the defendant's railroad, when a train was approaching. The carriage was on the track when the train struck it. The plaintiff was thereby hurt. On the trial the plaintiff's counsel asked the court to charge the jury that, if the negligence of the defendant contributed to cause the injury, then it is no excuse to the defendant that the driver may have been negligent. The court recognized the principle of law involved in the proposition, yet believed it to be inapplicable to the facts of the case. "I think in this case the controlling question is, was this the negligence of Burke, the driver, or was it the negligence of the railroad?" It seems from the facts as they appear on the appeal that the jury might have found that both the driver and the railroad were jointly negligent. It was admitted on the trial that the negligence of the driver could not be imputed to the plaintiff. This question of joint negligence was not sent to the jury. They were only asked if the railroad by itself was negligent, or if the driver by himself was negligent. The plaintiff did not have the benefit of finding from the jury whether each was partly negligent, and therefore both jointly negligent. For this reason there should be a new trial. Judgment reversed, new trial ordered, with costs to appellant to abide the event.